IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Criminal No. 5:06-CR-175-D-1
Civil No. 5:08-CV-6-D

BRANDON RASHEED MILLER, )
)
Petitioner, )
)
v. ) **ORDER**
)
UNITED STATES OF AMERICA, )
)
Respondent. )

FILED
JUN 1 7 2008
DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

Petitioner Brandon Rasheed Miller pleaded guilty in this court to violating 18 U.S.C. §§ 922(g)(1) and 924. On December 19, 2006, the court sentenced him to 92 months' imprisonment. Petitioner has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [D.E. 26].[1] Petitioner alleges ineffective assistance of counsel by defense counsel Bridgett Aguirre in the following ways: (1) failing to investigate the case; (2) failing to negotiate a plea agreement; (3) grossly mischaracterizing to Miller the likely sentence; (4) failing to object to material inaccuracies in the presentence report; (5) filing a frivolous motion for downward departure; and (6) failing to file a requested notice of appeal. Petitioner also alleges that the court failed to give due weight to the factors under 18 U.S.C. § 3553(a) in fashioning petitioner's sentence. [D.E. 26, 29, 31]. Respondent seeks summary judgment on all of petitioner's claims. [D.E. 39, 40]. Petitioner opposes the motion. [D.E. 42].

In order to prevail on his ineffective assistance of counsel claim, petitioner first must show that counsel's efforts fell below an objective standard of reasonableness. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984). Second, petitioner must show that, but for the alleged

---

[1] All docketed entry cites are to petitioner's criminal docket.

Case 5:06-cr-00175-D   Document 43   Filed 06/17/08   Page 1 of 3

unprofessional errors, the result would have been different. See id. at 694. Counsel are afforded a strong presumption that their performance was within the wide range of professionally competent assistance. See id. at 689. Courts must not use the distorting effect of hindsight to second guess trial counsel's strategic or tactical decisions. See id. Moreover, the sentencing judge is permitted to assess counsel's performance based on the judge's own recollection of the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

The court has reviewed the record (including the presentence report) and recalls defendant's case. The court rejects petitioner's claim that Ms. Aguirre rendered ineffective assistance of counsel in: (1) failing to investigate the case; (2) failing to negotiate a plea agreement; (3) grossly mischaracterizing to Miller the likely sentence; (4) failing to object to material inaccuracies in the presentence report; and (5) filing a frivolous motion for downward departure. Ms. Aguirre properly investigated the case. See Aguirre Aff. ¶¶ 3–4, 6, 12. In every hearing, Ms. Aguirre was thoroughly prepared and vigorously represented petitioner. Ms. Aguirre acted reasonably in not negotiating a plea agreement, particularly in light of the standard appeal waiver in plea agreements in this district. See id. ¶ 15. In light of this court's Rule 11 colloquy with petitioner, whatever Ms. Aguirre said to petitioner about a likely sentence was not material. There were no material inaccuracies in the presentence report. The motion for downward departure (although denied) was not frivolous. Moreover, this court properly considered the section 3553(a) factors in fashioning petitioner's sentence. The advisory guideline range was 87 to 108 months' imprisonment, the court considered all section 3553(a) factors, and petitioner received a 92-month sentence. Thus, respondent is entitled to summary judgment on all of these claims.

As for petitioner's claim that Ms. Aguirre failed to file a requested notice of appeal, the court denies summary judgment on that component of petitioner's ineffective assistance of counsel claim.

2

In light of the conflicting evidence (including petitioner's declaration that he told counsel that he wanted to appeal) and the need for a credibility determination, the court concludes that an evidentiary hearing is appropriate on that discrete issue. See, e.g., United States v. Santana, 263 F. App'x 334, 335 (4th Cir. 2008) (per curiam) (unpublished); cf. Crumel v. United States, No. 5:01-CR-297-1-H (E.D.N.C. Feb. 11, 2005) (Memorandum and Recommendation), adopted, (E.D.N.C. Apr. 19, 2005) (Order). The court hereby directs that the Honorable William Webb hold an evidentiary hearing on that discrete issue and file a Memorandum and Recommendation. The court will then determine how to resolve that portion of Miller's section 2255 petition. The court notes that the proper remedy for ineffective assistance of counsel where counsel fails to file a requested notice of appeal is to vacate the judgment of conviction and enter a new judgment from which an appeal can be taken. See United States v. Peak, 992 F.2d 39, 41–42 (4th Cir. 1993).

In sum, respondent's motion for summary judgment is GRANTED IN PART and DENIED IN PART. Respondent is granted summary judgment with respect to all claims in the section 2255 petition except for the claim that Ms. Aguirre rendered ineffective assistance of counsel by failing to file a requested notice of appeal. Judge Webb will hold an evidentiary hearing concerning that discrete claim and file a Memorandum and Recommendation.

SO ORDERED. This 17 day of June 2008.

JAMES C. DEVER III
United States District Judge

3